United States District Court
Southern District of Texas
**ENTERED**
October 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Matthew R. Carter, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | Civil Action No. 4:24-cv-02110 |
| Octopharma Plasma Inc., | § § § | |
| *Defendant.* | § § | |

## ORDER ON APPOINTMENT OF COUNSEL

On October 1, 2024, Plaintiff Matthew R. Carter filed a motion requesting that this Court appoint counsel to represent him in this employment discrimination case. Dkt. 11. There is no automatic constitutional right to appointment of counsel in civil cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). A district court may appoint counsel if exceptional circumstances exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Several factors guide that determination, such as the type and complexity of the case, the indigent party's ability to adequately present the case, his ability to investigate the case adequately, and whether the evidence will consist largely of conflicting testimony so as to require skill in the presentation of evidence and in cross examination, and whether appointed counsel would aid the efficient and equitable resolution of the case. *See*

*Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261-62 (5th Cir. 1986) (per curiam) (citing *Ullmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Here, the complaint appears to assert that Defendant Octapharma Plasma Inc. committed racial discrimination, in violation Title VII of the Civil Rights Act of 1964, by failing to rectify harassing conduct and denying Plaintiff a promotion. *See* Dkt. 1 at 2. On its face, this case is neither inordinately nor unusually complex. In addition, Plaintiff's allegations depend on facts of which he has personal knowledge, which makes him capable of locating, marshaling, and presenting relevant evidence. Any further concerns about resolving or otherwise presenting the case at trial are premature at this early stage. The Court therefore finds it unnecessary to locate and appoint counsel for Plaintiff at this time.

Accordingly, it is **ORDERED** that Plaintiff's motion to appoint counsel (Dkt. 11) is **DENIED**.

Signed on October 2, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge